15-262-cr
United States v. Allen

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         RICHARD C. WESLEY,
         DEBRA ANN LIVINGSTON,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                              15-262-cr

MAMIE ALLEN,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:          Kevin J. Doyle (Gregory L.
                       Waples, <u>on the brief</u>), Assistant
                       United States Attorneys, <u>for</u>
                       Eric S. Miller, United States
                       Attorney for the District of
                       Vermont, Burlington, Vermont.

1

**FOR DEFENDANT-APPELLANT:**       Maryanne E. Kampmann, Stetler, Allen & Kampmann, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Mamie Allen pled guilty in the United States District Court for the District of Vermont (Reiss, <u>C.J.</u>) to possession of heroin with intent to distribute pursuant to a plea agreement that reserved her right to seek review of the May 29, 2014, Opinion and Order denying Allen's motion to suppress evidence.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court did not determine whether Allen's encounter with federal agents was entirely consensual (as the government had argued), because it held that any seizure of Allen had been a lawful <u>Terry</u> stop.  <u>See</u> <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).  Allen challenges that court's determination that the agents had the reasonable suspicion of criminal activity required for a lawful <u>Terry</u> stop, as well as some of the related factual findings.

The relevant factual findings were not clearly erroneous, <u>see</u> <u>United States v. Bershchansky</u>, 788 F.3d 102, 109-10 (2d Cir. 2015) (factual determinations on motions to suppress are either reviewed for clear error or viewed in the light most favorable to the party that prevailed on the motion), and the legal conclusion was correct.  Facts found by the district court include: (1) the agents had intelligence that drug couriers were disembarking at the Castleton train station to avoid surveillance by law enforcement at the Rutland station; (2) the agents observed a single vehicle parked away from all the other vehicles at the Castleton station, in the less-well-lit area to the east

---

[1] Allen's notice of appeal identifies both the denial of her motion to suppress and the denial of her subsequent motion for reconsideration; however, her appellate brief challenges only the denial of the motion to suppress.

of the station, a place Special Agent Doud had not previously seen any vehicle parked;[2] (3) both occupants appeared to the agents to be nervous, and avoided eye contact; (4) the occupants did not leave the car to greet the arriving passenger (Allen), unlike the occupants of other vehicles that evening; (5) the agents were aware through training and experience that drug traffickers often wait to see whether a courier is confronted by law enforcement before making contact; (6) the vehicle's license plate traced to 76 Traverse Place, and the agents knew that the "70s block" of Traverse Place was associated with allegations of drug trafficking; (7) 76 Traverse Place was within walking distance of the Rutland train station (raising the question of why the passenger had been picked up at the Castleton station, approximately 12 miles away); and (8) the vehicle drove to that address, and parked.[3]

Allen argues that each of these facts, in isolation, was consistent with an innocent explanation and therefore is entitled to no weight. That piecemeal approach to reasonable suspicion has been expressly rejected by the

---

[2] The district court's opinion stated that the car was parked "in the east parking lot, which is a gravel lot with only one street light." App'x 29. Allen argues that neither agent testified that the car was parked in the gravel lot. Doud's testimony, including his identification of the car's location on a photograph exhibit, may support the district court's specific finding. Special Agent Destito, however, testified that the car was parked on the east side of the station, but in front of the station. In any event, all the testimony supports the finding that is relevant to the reasonable suspicion inquiry: The car was parked east of the station in a less-well-lit area, and all the other vehicles were parked in the west parking lot.

[3] Allen argues that the district court should have found that racial profiling motivated the agents. As the district court explained in its denial of Allen's motion for reconsideration, Allen "points to no actual evidence of racial profiling. If anything, the facts in this case undermine any suggestion of racial profiling. Agents Doud and Destito specifically did not think Defendant, a woman of color, fit the profile of a drug courier, and they were suspicious of Ms. Emery's vehicle even though she was the Caucasian operator of it." App'x 270.

3

Supreme Court.  United States v. Arvizu, 534 U.S. 266, 274–75 (2002).  A reviewing court must instead "look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing," which includes inferences drawn from the officer's "own experience and specialized training."  Id. at 273 (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)).  Based on the totality of the circumstances, the agents here had a reasonable suspicion, based on specific, articulable facts, that Allen and the other occupants of the vehicle were trafficking illegal drugs.  See id. at 273-78; United States v. Sokolow, 490 U.S. 1, 7-10 (1989); United States v. Bailey, 743 F.3d 322, 332 (2d Cir. 2014).

For the foregoing reasons, and finding no merit in Allen's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK